IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROKECHIA SHABETT JONES, § § § **Plaintiff,** § § **v.** § § COMMISSIONER OF SSA, KILOLO § KIJAKAZI; § § § **Defendant.** | CIVIL ACTION NO.  6:22-CV-00107-JCB |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 25, 2022, Plaintiff filed this civil action pursuant to the Social Security Act ("the Act"), Section 205(g), for judicial review of the Commissioner's denial of her application for Social Security benefits.  (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and a recommendation for the disposition of the instant action. For the reasons stated below, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED**.

### BACKGROUND

On March 9, 2020, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. (Transcript ("Tr.") at 78–79, 85–86, 236–37, 243–44.) Plaintiff alleged disability beginning on September 1, 2019. *Id.* at 78–79, 85–86. The claim was initially denied on May 12, 2020, (*id.* at 84, 91, 124, 132), and upon reconsideration on August 5, 2020 (*id.* at 94–115, 145). A telephonic hearing was held before ALJ Mark J. Mendola on October 5, 2021. *Id.* at 46, 205. The ALJ issued

1

a decision finding that Plaintiff was not disabled under the Act on October 20, 2021. *Id.* at 16–29. Plaintiff appealed, and the Appeals Council denied Plaintiff's Request for Review on February 8, 2022. *Id.* at 7–9. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Plaintiff has filed the instant action for review.

## LEGAL STANDARD

Title II of the Act provides for federal disability insurance benefits. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues de novo," and is not allowed to substitute its judgment for the Commissioner's judgment. *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d at 360 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d at 295 (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the court must do more than "rubber stamp" the ALJ's decision; the court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d at 393.

A claimant bears the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner utilizes a five–step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). At Step One, the Commissioner determines whether the claimant is currently engaged in

3

substantial gainful activity. At Step Two, the Commissioner determines whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner determines whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. At this Step, the Commissioner must also determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non–severe. Then, at Step Four, the Commissioner determines whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)–(f) and 404.1520(b)(1)(f).

An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id.* The burden of proof is on the claimant for the first four steps but shifts to the Commissioner at Step Five if the claimant shows that she cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in his October 20, 2021 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since September 1, 2019, the alleged onset date. (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: rheumatoid arthritis and seizure disorder. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

    CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the RFC to perform light work as defined in 20 CFR 404.1567(b), except:

    - She can occasionally climb ramps and stairs.

    - She should never climb ladders, ropes, or scaffolds.

    - She can frequently balance, stoop, kneel, crouch, and crawl.

    - She can frequently handle and finger objects bilaterally.

    - She must avoid hazards such as dangerous moving machinery, unprotected heights, bodies of water, and open flame.

    - She can never operate a motor vehicle.

    - She can understand, remember, and carry out simple tasks and instructions, consistent with GED reasoning level 1 and 2.

6. In making this finding, the undersigned considered all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c and 416.920c.

7. The claimant is unable to perform any past relevant work. (20 CFR 404.1565 and 416.965).

8. The claimant was born on December 20, 1978 and was 40 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education. (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1569, 404.1569a, 416.969, 416.969a).

12. The claimant has not been under a disability, as defined in the Act, from September 1, 2019, through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).

(Tr. at 18–29.)

The ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Act. *Id.* at 29.

## ANALYSIS

Plaintiff alleges that the decision of the Commissioner is not supported by substantial evidence because the ALJ failed to properly consider Dr. Robert Boyne's medical opinion in determining Plaintiff's RFC. (Doc. No. 11, at 8.) The Commissioner argues that the ALJ properly considered Dr. Boyne's medical opinion and substantial evidence supports the ALJ's finding that Plaintiff had the RFC to perform light work. (Doc. No. 12, at 5.)

The RFC is an assessment made by the Commissioner, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his physical or mental impairments. 20 C.F.R. § 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). When evaluating a claimant's physical abilities, the Commissioner first assesses the nature and extent of physical limitations, and then determines the RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545. The ALJ makes separate function-by-function findings of the seven exertional strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling), and other non-exertional physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching). SSR 96-8; 20 C.F.R. § 404.1545(b). Pursuant to the narrative discussion requirement provided in SSR 96–8, in the ALJ's

discussion of the claimant's abilities to perform any of the seven strength demands, "each function must be considered separately (e.g., 'the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours'), even if the final RFC assessment will combine activities (e.g., 'walk/stand, lift/carry, push/pull'). It is especially important that adjudicators consider the capacities separately when deciding whether an individual can do past relevant work." SSR 96–8p. Only after the function-by-function analysis may the RFC be expressed in terms of the exertional levels of work (sedentary, light, medium, heavy, and very heavy). SSR 96-8.

Under the revised regulatory framework for claims filed after March 27, 2017, an ALJ may not defer nor give any weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c and 416.920c. Rather, the ALJ shall evaluate the persuasiveness of medical opinions and prior administrative medical findings by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, which includes considering the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship, (4) specialization, and (5) other factors. C.F.R. 20 §§ 404.1520c(a), (c)(1)–(5) and 416.920c(a), (c)(1)–(5). The most important factors for the ALJ to consider are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2) and 416.920c(a), (b)(2).

Plaintiff alleges that the record supports the frequency of seizures documented by Dr. Boyne because she experienced seizures at least once a month. (Doc. No. 11, at 10–11.)[1] Plaintiff therefore contends that the RFC is not supported by substantial evidence because she will be absent from work at least one day per month, and the vocational expert testified that missing more than one day of work per month would preclude competitive employment. *Id.* at 10–12.

---

[1] Plaintiff does not challenge the ALJ's findings concerning her rheumatoid arthritis on appeal.

7

Plaintiff's treating neurologist, Dr. Boyne, opined that Plaintiff suffered from three seizures per week and eight to ten seizures per month. (Tr. at 504.) He maintained that Plaintiff could suffer post-seizure manifestations for more than 24 hours. *Id.* Because of this, he determined that Plaintiff would be absent from work more than four times a month due to her seizures. *Id.* at 499. In January 2020 and January 2021, laboratory testing conducted by Dr. Boyne revealed that Plaintiff's blood contained low levels of her seizure medication, Dilantin. *Id.* at 490, 545. He noted that it was unclear whether she was taking her medication as prescribed. *Id.* at 545. Plaintiff refused additional EEG monitoring and laboratory tests, without mentioning cost as a prohibitive factor. *Id.* at 490, 545. Dr. Boyne opined that Plaintiff's seizures were likely to disrupt her work environment and she would need more supervision than an unimpaired worker. *Id.* at 505. He assessed that Plaintiff could: (1) sit, stand, and walk for zero out of eight hours in a workday, (2) never lift twenty pounds or more, (3) frequently lift ten pounds or less, (4) use her hands twenty percent of the workday, and (5) use her fingers and arms zero percent of the workday. *Id.* at 498.

The ALJ found Dr. Boyne's opinion unpersuasive because it was inconsistent with Plaintiff's medical records. *Id.* at 26. The ALJ found that the record did not support the limitations suggested or the frequency of seizures described by Dr. Boyne. *Id.* The ALJ acknowledged that Plaintiff had one documented breakthrough seizure in February 2021 and another breakthrough seizure in March 2021. *Id.*[2] The ALJ also recognized that Plaintiff had low levels of Dilantin, which indicated noncompliance with her medications. *Id.* at 24–25. Although Plaintiff testified that her medication had no effect on her seizures even when she was compliant, *id.* at 55, the ALJ noted that Plaintiff's medication would not be effective unless she took it as prescribed, and her

---

[2] The ALJ referenced to two reports by Dr. Boyne in February 2021 and March 2021. In those reports, Dr. Boyne indicated that Plaintiff had one breakthrough seizure in January 2021 and another breakthrough seizure between February and March 2021. *Id.* at 545, 549.

8

lack of compliance could lead to partial efficacy. *Id.* at 24–25. The ALJ recognized that when Plaintiff took her medications as prescribed, her impairments improved. *Id.* at 27. Moreover, the ALJ acknowledged that the record was devoid of medication adjustments and alternative treatments that would be expected if Plaintiff's symptoms were as limiting as she alleged. *Id.* at 25. Accordingly, the ALJ found that Plaintiff's lack of compliance suggests that her impairments were not as severe or limiting as she alleged, and the record supported less restriction than that suggested by Dr. Boyne. *Id.* at 25–26. The ALJ therefore found that Plaintiff had the RFC to perform light work when compliant with her medication. *Id.* at 27.

Here, the record reflects that Plaintiff had:

- Two documented seizures in November 2019. *Id.* at 395.
- Two documented seizures in January 2020. *Id.* at 395, 406.
- One documented seizure between January 2020 and April 2020. *Id.* at 490.
- Two documented seizures between April 2020 and July 2020. *Id.* at 501.[3]
- One documented seizure in January 2021. *Id.* at 545.
- One documented seizure between February 2021 and March 2021. *Id.* at 549.

The record does not reflect that Plaintiff suffered from eight to ten seizures a month and would be absent from work four or more days a month, as Dr. Boyne opined. *Id.* at 499, 504. It also does not reflect that Plaintiff experienced at least one seizure a month and would be absent from work at least once a month precluding competitive employment, as Plaintiff argues. (Doc. No. 11, at 10–12.) Rather, the record reveals that Plaintiff had documented seizures in six or seven months over a seventeen-month period. Although there were several months where Plaintiff

---

[3] In an RFC questionnaire completed on August 6, 2020, Dr. Boyne indicated that Plaintiff experienced three seizures in May 2020. *Id.* at 504. This conflicts with his report that Plaintiff experienced two seizures between April 29, 2020, and July 29, 2020. *Id.* at 490, 501.

experienced two documented seizures, there were at least ten months where Plaintiff experienced no documented seizures. Moreover, Plaintiff's labs revealed that her Dilantin levels were low in January 2020 and January 2021 (Tr. at 490, 545), indicating that she was not taking her medication as prescribed. Indeed, Dr. Boyne acknowledged that when Plaintiff complied with prescribed treatment, her seizure frequency and severity decreased. *Id.* at 490, 501. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987) (citing 20 C.F.R. §§ 404.1530(a), (b) and 416.930(a), (b)) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."). The record therefore demonstrates that if Plaintiff is compliant with her medication, Plaintiff may miss work periodically due to breakthrough seizures, but not more than four times a month as Dr. Boyne opined, and not once a month as Plaintiff alleges. Thus, Plaintiff has not shown that the ALJ erred by failing to analyze whether she could maintain employment. *See Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) (acknowledging that "separate consideration of whether the claimant is capable of maintaining employment" is required only if the claimant's symptoms are of sufficient frequency or severity to prevent him from maintaining a job for a significant period).

The decision reflects that the ALJ considered the supportability and consistency of Dr. Boyne's opinion and found it to be inconsistent with the record. Substantial evidence supports this finding.

## CONCLUSION

For all the foregoing reasons, the Court **RECOMMENDS**, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), that the final decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 28th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE