UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00107

**Rokechia Shabett Jones,**
*Plaintiff,*

v.

**Commissioner of Social Security,**
*Defendant.*

### ORDER

Plaintiff filed the above-styled civil action pursuant to Section 205(g) of the Social Security Act for judicial review of the Commissioner's denial of her application for Social Security benefits. Doc. 1. This action was referred to United States Magistrate Judge John D. Love, who issued a report recommending that the decision of the Commissioner be affirmed. Doc. 14.

Plaintiff submitted objections on December 12, 2022. Doc. 15. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

First, plaintiff argues that the administrative law judge failed to properly evaluate Dr. Robert Boyne's medical opinion. Doc. 15 at 1. The ALJ found that Dr. Boyne's opinion was not supported by the record because plaintiff's seizures were less frequent than Dr. Boyne opined. Doc. 8-2 at 26. To support his finding, the ALJ cited two of Dr. Boyne's treatment notes, identifying that plaintiff suffered only two breakthrough seizures in a two-month period. *Id.* Plaintiff contends that the record supports Dr. Boyne's opinion that plaintiff suffered at least four breakthrough seizures a month. Doc. 15 at 2. Plaintiff therefore asserts that the ALJ relied on a selective reading of the record to support his conclusion. *Id.* at 2.

As the magistrate judge correctly noted, the court reviews the ALJ's denial of disability benefits to determine whether the decision is supported by substantial evidence. *Bowling v. Shalala*, 36 F.3d 431,

435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). Doc. 14 at 2. In making such a determination, the court must review the entire record. *Villa*, 895 F.2d at 1022. Here, the magistrate judge reviewed the entire record and identified that plaintiff's seizures were not as frequent as Dr. Boyne opined. Doc. 14 at 9–10. Thus, the ALJ did not err in finding Dr. Boyne's opinion unpersuasive, and plaintiff's objection is overruled.

Plaintiff next argues that the ALJ did not rely on plaintiff's lack of compliance with her medication in rejecting Dr. Boyne's opinion. Doc. 15 at 3. Plaintiff therefore contends that the magistrate judge's "post-hoc rationalization" (that if plaintiff was compliant with her medication, her seizure frequency and severity would decrease) was erroneous. *Id.*

As the magistrate judge noted, the ALJ acknowledged in his opinion Dr. Boyne's observation that plaintiff's medication levels were low, and that it was unclear whether she was taking her medication as prescribed. Doc. 8-2 at 24; Doc. 14 at 8. The ALJ further acknowledged that plaintiff's failure to take her medication according to her doctor's orders could lead to a partial lack of efficacy. Doc. 8-2 at 25. Dr. Boyne's treatment notes indicated that plaintiff's medication levels were low when tested in 2020 and 2021, and that her occasional breakthrough seizures could be due to her lack of compliance. *Id.* at 490, 501, 545. In his treatment notes, Dr. Boyne observed that although plaintiff had been non-compliant with her medication in the past and had declined further testing of her medication levels, plaintiff was "overall better with only one mild, subtle breakthrough event" under her new medication regimen. *Id.* at 490. Thus, the magistrate judge did not err in determining that substantial evidence supported the ALJ's finding that plaintiff had not been compliant in taking her seizure medication, but when she was compliant, the frequency and severity of her seizures decreased. Doc. 8-2 at 27; Doc. 14 at 9–10. Plaintiff's objection is therefore overruled.

Having reviewed the magistrate judge's report and being satisfied that it contains no clear error, the court accepts its findings and

recommendation (Doc. 14). The decision of the Commissioner is affirmed.

*So ordered by the court on December 28, 2022.*

J. CAMPBELL BARKER
United States District Judge